# IN THE SUPREME COURT OF THE STATE OF NEVADA

OLIVER SAGEBRUSH DRIVE TRUST,
Appellant,
vs.
NATIONSTAR MORTGAGE LLC,
Respondent.

No. 78118

**FILED**

JAN 2 3 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment, certified as final under NRCP 54(b), in an action to quiet title. Eighth Judicial District Court, Clark County; Kenneth C. Cory, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

The district court correctly determined that Miles Bauer (the agent for respondent's predecessor) tendered $1,305 to Alessi & Koenig (A&K), which undisputedly represented 9 months of assessments. *See Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev. 604, 606, 427 P.3d 113, 117 (2018) (stating that, as explained in prior decisions, "[a] plain reading of [NRS 116.3116(2) (2012)] indicates that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid [common expense] assessments"). The tender of the defaulted superpriority portion of the HOA's lien cured the default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish the first deed of trust. *Id.* at 607-11, 427 P.3d at 118-21.

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

SUPREME COURT
OF
NEVADA

(O) 1947A

20- 03262

Appellant contends that A&K had a good-faith basis for rejecting the tender—it believed collection costs made up part of the superpriority portion of the HOA's lien. But A&K's reason for rejecting the tender is legally irrelevant, as the tender cured the default as to the superpriority portion of the HOA's lien by operation of law. *Id.* at 610, 427 P.3d at 120. Because the superpriority portion of the HOA's lien was no longer in default following the tender, the ensuing foreclosure sale was void as to the superpriority portion of the lien, and A&K's basis for rejecting the tender could not validate an otherwise void sale in that respect. *Id.* at 612, 427 P.3d at 121 ("'A foreclosure sale on a mortgage lien after valid tender satisfies that lien is void, as the lien is no longer in default.'" (quoting 1 Grant S. Nelson, Dale A. Whitman, Ann M. Burkhart & R. Wilson Freyermuth, Real Estate Finance Law § 7.21 (6th ed. 2014))).

Appellant further contends that the tender was ineffective because it imposed an improper condition, in that the letter accompanying the check purportedly stated that maintenance and nuisance abatement charges were not part of the superpriority portion of the HOA's lien. However, appellant did not raise this argument in district court, and we decline to consider it in the first instance. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981). Appellant further contends that Miles Bauer or respondent's predecessor needed to record evidence of the tender and that appellant is protected as a bona fide purchaser, but we have also rejected those arguments. *Bank of Am.*, 134 Nev. at 609-10, 612, 427 P.3d at 119-21.[2] Accordingly, the district court correctly determined that

_____

[2]Although *Bank of America* did not expressly address appellant's argument regarding equitable subrogation, this court considered and rejected that argument in conjunction with denying SFR Investments'

appellant took title to the property subject to respondent's first deed of trust.[3] We therefore

ORDER the judgment of the district court AFFIRMED.[4]

_____ Pickering _____ , C.J.
Pickering

_____ Gibbons _____ J.       _____ Douglas _____ , Sr. J.
Gibbons                                          Douglas

cc:   Hon. Kenneth C. Cory, District Judge
      Law Offices of Michael F. Bohn, Ltd.
      Akerman LLP/Las Vegas
      Fennemore Craig P.C./Reno
      Eighth District Court Clerk

_____

petition for rehearing in that case. We decline to revisit that argument. Similarly, to the extent that this disposition does not expressly address each of appellant's arguments, we are not persuaded that any of those arguments warrant reversal.

[3]We clarify that the district court did not grant respondent equitable relief. Rather, it correctly determined that appellant took title to the property subject to respondent's deed of trust because the superpriority tender cured the default as to that portion of the HOA's lien by operation of law. *Bank of Am.*, 134 Nev. at 610, 427 P.3d at 120. In light of this disposition, we need not address the parties' arguments pertaining to the Federal Foreclosure Bar.

[4]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.